JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

POTA TSIRTSIS AND JAMES DIMITRI TSIRTSIS,

Plaintiffs,

v.

COMMONWEALTH BUSINESS BANK AND INTEGRATED LENDER SERVICES, INC.,

Defendants.

Case No.: SACV 17-01671-CJC(JCGx)

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

## I. INTRODUCTION

On September 25, 2017, Plaintiffs Pota Tsirtsis and James Dimitri Tsirtsis (hereinafter "Dimitri Tsirtsis"), filed this action against Defendants Commonwealth Business Bank ("CBB") and Integrated Lender Services, Inc. (Dkt. 1 [Complaint,

-1-

hereinafter "Compl."].) On December 13, 2017, the Court ordered the parties to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (Dkt. 22.) Plaintiffs and Defendants have filed responses to the Court's Order. (Dkt. 23 [Plaintiffs' Response, hereinafter "Pls.' Resp."]; Dkt. 24 [Defendants' Response, hereinafter "Defs.' Resp."].) For the following reasons, the case is **DISMISSED** for lack of subject matter jurisdiction.

## II. BACKGROUND

Plaintiffs allege that Dimitri Tsirtsis was the sole shareholder of a California corporation called Citrus Café, Inc. ("Citrus Café"). (Compl. ¶ 14.) The corporation was formed to operate a restaurant, aptly called Citrus Café, and Dimitri Tsirtsis purchased the restaurant in 2007 with a loan originated by Defendant CBB. (*Id*. ¶¶ 14–15, 21.) Plaintiffs allege that the loan was guaranteed by the federal Small Business Act, 15 U.S.C. § 631, *et seq*. ("SBA"). (*Id*. ¶¶ 17–21.) Plaintiffs further allege that as the lender, CBB was subject to certain Standard Operating Procedures promulgated by the Small Business Administration. (*Id*. ¶ 20.)

Plaintiffs allege that when CBB and Dimitri Tsirtsis were negotiating the loan, in 2007, CBB's loan officer "represented to Dimitri that his wife, Pota, would also be required to sign an unconditional guarantee—even though she was neither a direct owner, shareholder, officer or employee of the business." (*Id*. ¶ 23.) Plaintiffs allege that CBB's "demands that Pota sign certain loan instruments" violated the federal Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq*. ("ECOA"). (*Id*. ¶ 26.) Plaintiffs also allege that CBB demanded that Plaintiffs take out personal guarantees and pledge their home as additional collateral for the loan. (*Id*. ¶ 24.)

Plaintiffs further allege that after the loan was negotiated and signed, Citrus Café's business suffered—in part due to the collapse of the economy in 2008—and it became difficult for Plaintiffs to make its loan payments. (*Id.* ¶ 27.) Ultimately, in 2010, Plaintiffs filed for bankruptcy, and the loan and Plaintiffs' personal guarantees were discharged in 2014. (*Id.*) According to Plaintiffs, after the bankruptcy proceedings were closed, Plaintiffs tried to release the lien on their home by making various offers to CBB. (*Id.* ¶¶ 32–36.) Plaintiffs' offers were rejected, and on July 5, 2017, CBB recorded a notice of default on Plaintiffs' home. (*Id.* ¶ 36.) Plaintiffs allege that CBB's conduct in foreclosing on Plaintiffs' home violated the Standard Operating Procedures of loans made under the Small Business Act, and that CBB is liable for fraud, misrepresentation, and misconduct. (*Id.* ¶ 37.)

Based on the above allegations, Plaintiffs bring thirteen causes of action against Defendants: (1) injunctive relief, (2) wrongful foreclosure, (3) fraud, (4) violation of the ECOA, (5) violation of California Unfair Competition Law, (6) negligent infliction of emotional distress, (7) breach of third party beneficiary contract, (8) breach of the implied covenant of good faith and fair dealing, (9) cancellation of instruments, (10) quiet title, (11) slander of title, (12) equitable accounting, and (13) declaratory relief. (*See generally id.*) Plaintiffs allege this Court has federal subject matter jurisdiction over the action because "[t]he SBA Loan and the actions complained of . . . are subject to several applicable federal statutes, the Code of Federal Regulations, and the Standard Operating Procedures promulgated by the SBA." (Pls.' Resp. at 9.) Plaintiffs also allege federal jurisdiction based on their ECOA claim.

//
//
//
//

## III. LEGAL STANDARD

A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This occurs when the well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). A defense or counterclaim based on federal law does not give rise to federal question jurisdiction. *Id.* at 10. Further, "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

## IV. DISCUSSION

Plaintiffs allege that the Court has federal question jurisdiction over this matter for two reasons: (1) the claims involve a loan that was guaranteed by the federal SBA, and (2) Plaintiffs allege a violation of the federal ECOA. The Court considers each alleged basis in turn.

### 1. The SBA Loan

Plaintiffs claim that federal question jurisdiction exists because the loan entered into between CBB and Plaintiffs was guaranteed by the federal SBA, and therefore the Small Business Administration "was and is a party to the original transaction." (Pls.'

Resp. at 15.) Plaintiffs argue that because the Small Business Administration is a party to the loan, they are "for all intents and purposes" parties to this action, and therefore federal jurisdiction exists. (*Id*. at 16.) Plaintiffs also indicate that they are willing to amend their Complaint to add the Small Business Administration as a party if the Court is inclined to dismiss the case for lack of jurisdiction.

Plaintiffs' arguments are unsupported and unavailing. Plaintiffs point to no provision of the SBA that confers independent federal subject matter jurisdiction merely because a suit involves a loan that was guaranteed by the SBA. Further, the statute does not confer subject matter jurisdiction even if the Small Business Administration itself is named as a party to the action. *See e.g., Benson v. U. S. Small Bus. Admin.*, 644 F.2d 1366, 1367 (9th Cir. 1981). The Court therefore finds that the mere fact that the SBA guaranteed Plaintiffs' loan is not sufficient to confer jurisdiction. The Court also finds that Plaintiffs' proposed amendment would be futile because simply adding the Small Business Administration as a party would not confer jurisdiction. *Id*.

**2. Violation of the ECOA**

The ECOA "makes it illegal 'for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1210 (9th Cir. 2013) (citing 15 U.S.C. § 1691(a)(1)). "To further protect consumers, Regulation B, promulgated by the Federal Reserve Board pursuant to the ECOA, provides that 'a creditor shall not require the signature of an applicant's spouse or other person, *other than a joint applicant*, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 699 (3d Cir. 1995) (quoting 12 C.F.R. § 202.7(d)(1)).

Construing the allegations in the light most favorable to Plaintiffs, Plaintiffs claim that CBB violated the ECOA by requiring Pota Tsirtsis to sign the loan application. (Compl. ¶ 56.) Defendants raise a factual attack against this allegation, by providing evidence that Pota Tsirtsis was a joint applicant for the loan. (Defs.' Resp. at 3.) Specifically, Defendants provide a copy of the loan application between Citrus Café and CBB, which indicates that Dimitri Tsirtsis and Pota Tsirtsis have equal ownership over the business. (Dkt. 25-1.) Defendants argue that because a creditor is specifically permitted to obtain the signature of a spouse who is a joint applicant, the ECOA cause of action fails. (Defs.' Resp. at 4.) Defendants further argue that Plaintiffs have alleged no additional facts that would otherwise create a cause of action under the ECOA. (*Id.*)

The Court agrees with Defendants. As an initial matter, the Court may consider extrinsic evidence, including the parties' loan application, "[i]n resolving a factual attack on jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Once Defendants presented evidence bearing on the jurisdictional issue, Plaintiffs were required to furnish affidavits or other evidence necessary to satisfy their burden of establishing subject matter jurisdiction. *Id*. Plaintiffs have submitted no evidence disputing that Defendants' proffered copy of the loan application is accurate. Moreover, according to the statements Plaintiffs themselves attested to in the loan application, Pota Tsirtsis is a joint applicant.

Because Plaintiffs have offered no evidence disputing that Pota Tsirtsis was a joint applicant, and allege no facts that would otherwise give rise to a violation of the ECOA, Plaintiffs' ECOA claim is not viable. Instead, the cause of action is wholly unsubstantiated, and appears to have been included solely for the purpose of obtaining federal jurisdiction. Such an unsupported and frivolous claim is not sufficient to support federal question jurisdiction. *Id*. ("[J]urisdictional dismissals are warranted 'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial

and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'").

**V. CONCLUSION**

For the foregoing reasons, the Court lacks federal subject matter jurisdiction over this action. The case is hereby **DISMISSED WITHOUT PREJUDICE**.

DATED: January 30, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE